[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 13, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-10388
Non-Argument Calendar
_____

D. C. Docket No. 02-00026-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO NUNEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 13, 2005)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Pedro Nunez was convicted by a jury for operating a "chop shop," as

defined in and in violation of 18 U.S.C. § 2322, for conspiracy to operate a "chop shop," in violation of 18 U.S.C. §§ 371, 2322, and for conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 371, 1341.  The district court sentenced Nunez to sixty-three months imprisonment.  Nunez appeals his convictions on the ground that the district court erred by failing to conduct a second Faretta hearing subsequent to the one the court held less than four months prior to his trial.  See Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975).

From the outset, Nunez has been uncooperative.  In total, three different counsel have been appointed to represent him.  The district court granted Nunez's request to dismiss his first counsel.  His second counsel moved to withdraw, stating that Nunez had accused him of discrimination and deceit.  In compliance with Nunez's demands to proceed pro se, the third court-appointed counsel remained on as stand-by counsel.  With each dismissal of counsel, Nunez demanded that he be allowed to proceed pro se.

Nunez was also uncooperative in the district court's repeated attempts to ensure that Nunez was competent both to proceed to trial and to proceed pro se. On Nunez's first counsel's motion, the district court ordered a competency evaluation, but Nunez refused to cooperate with the doctor.  Nunez was then sent to a federal facility for evaluation.  After holding a competency hearing, the district

court found that Nunez was competent to stand trial.

Approximately four months later, the court ordered a second competency evaluation. Again Nunez refused to cooperate with the doctor and was sent to a federal facility for evaluation. While there, Nunez submitted a letter to the court asking that he be allowed to represent himself.

On June 17, 2003, the district court held a competency hearing and a Faretta hearing. The district court found that Nunez was competent both to stand trial and to proceed pro se and that, by his obstructive conduct, Nunez had forfeited his right to be represented by counsel. The district court also entered an order directing Nunez's third court-appointed counsel to remain as stand-by counsel. The trial began on October 14, 2003. The jury returned a verdict of guilty a week later.

Apparently Nunez does not disagree with the district court's finding that he "knowing and intelligently" relinquished his right to be represented by counsel, Faretta, 422 U.S. at 835, 95 S. Ct. at 2541, at the time of the June 2003 hearing, which was four months prior to his trial. Instead, Nunez contends that the district court should have realized, either on the eve of trial or sometime during the trial, that he was no longer competent to represent himself and, therefore, should have held another Faretta hearing.

If we were to place upon the district court an obligation to reassess its

3

Faretta hearing decision, we would do so only on a showing of a substantial change in circumstances since the initial hearing. Cf. United States v. McBride, 362 F.3d 360, 367 (6th Cir. 2004). Nunez has not demonstrated that there was a substantial change in his condition between the time of his Faretta hearing and his trial. To the contrary, his mental state, and uncooperative nature, appear to have remained constant throughout the proceedings. The district court committed no error in failing to sua sponte order a second Faretta hearing.

AFFIRMED.